# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDIL OMAR RODRIGUEZ FUENTES, | : Civil No. 3:19-CV-01516 |
| Petitioner, | : |
| v. | : |
| DISTRICT ATTORNEY FOR NORTHUMBERLAND COUNTY, *et al.*, | : |
| Respondents. | : Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a habeas corpus case brought under 28 U.S.C. § 2254 by Petitioner Fredil Omar Rodriguez Fuentes ("Rodriguez Fuentes") to challenge a state criminal conviction. For the reasons that follow, the court will dismiss the habeas corpus petition as time-barred. A certificate of appealability will not be issued.

### BACKGROUND AND PROCEDURAL HISTORY

The Pennsylvania Superior Court has ably explained much of the procedural history of this case in a prior opinion. *See Commonwealth v. Fuentes*, No. 174 MDA 2018, 2018 WL 4844261 (Pa. Super. Ct. Oct. 5, 2018). On March 17, 2006, Rodriguez Fuentes pleaded guilty to one count of criminal homicide, one count of trespass, and two counts of aggravated assault for the killing of his next-door neighbor. *Id.* He was subsequently found guilty of first-degree murder on April 17, 2006, and was sentenced to life in prison without the possibility of parole on June 26, 2006. *Id.* Rodriguez Fuentes appealed to the Pennsylvania Superior

1

Court, which affirmed on October 10, 2007. *Commonwealth v. Fuentes*, 943 A.2d 312 (table) (Pa. Super. Ct. 2007). He did not seek further review in the Pennsylvania Supreme Court. *Fuentes*, 2018 WL 4844261 at *1.

On January 25, 2008, Rodriguez Fuentes filed a petition for post-conviction relief in the state trial court under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Id.* Eight years later, while his first PCRA petition was still pending, Rodriguez Fuentes filed a second PCRA petition on July 1, 2016. *Id.* The trial court denied the PCRA petitions on October 4, 2016, and the Superior Court affirmed on September 27, 2017. *Id.* at *1–2; *Commonwealth v. Fuentes*, 178 A.3d 202 (table) (Pa. Super. Ct. 2017).

Rodriguez Fuentes filed a third PCRA petition on November 6, 2017. *Fuentes*, 2018 WL 4844261 at *2. The trial court denied the third PCRA petition, and Rodriguez Fuentes appealed to the Superior Court. *Id.* The Superior Court held that Rodriguez Fuentes's third PCRA petition was untimely and accordingly affirmed on October 5, 2018. *Id.* at *4.

Rodriguez Fuentes filed the instant habeas corpus petition on September 3, 2019. (Doc. 1.) On September 26, 2019, he filed an amended petition. (Doc. 6.) United States District Judge A. Richard Caputo ordered the petition to be served on Respondents on December 9, 2019, and ordered Respondents to show cause as to why habeas corpus relief should not be granted. (Doc. 10.) Respondents moved to

dismiss the petition as untimely on May 18, 2020, and filed a brief in support of the motion on the same day. (Docs. 19–20.) Rodriguez Fuentes filed a brief in opposition to the motion to dismiss on June 15, 2020. (Doc. 21.) No reply briefs were filed, making the motion to dismiss ripe for the court's disposition. On June 22, 2020, Rodriguez Fuentes filed a motion to compel discovery, but did not file a brief in support of the motion. (Doc. 23.) The case was then reassigned to the undersigned pursuant to a verbal order on December 3, 2020.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction under 28 U.S.C. § 2254(a), which allows a district court to issue a writ of habeas corpus to a petitioner who is "in custody pursuant to the judgment of a State court" if the petitioner is in custody "in violation of the Constitution or laws or treaties of the United States."

## DISCUSSION

### A. The Petition for Writ of Habeas Corpus Is Dismissed as Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The statute also contains a statutory tolling provision under 28 U.S.C. § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Under § 2244, Rodriguez Fuentes had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1)(A).[1] Rodriguez Fuentes's judgment of sentence became final on November 9, 2007, when his time for seeking a direct appeal in the Pennsylvania Superior Court expired. *See* Pa. R. App. P. 903. Thus, Rodriguez Fuentes had one year from that date to file a federal habeas corpus petition.

---

[1] Although 28 U.S.C. § 2244(d)(1) provides for other triggering events of the one-year limitations period, none apply here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

Although the statute of limitations would ordinarily have expired on November 9, 2008, the limitations period was subject to statutory tolling beginning on January 25, 2008, the date on which Rodriguez Fuentes filed his first PCRA petition. *See* 28 U.S.C. § 2244(d)(2). At that point, 76 days had elapsed since the limitations period had begun on November 9, 2007, leaving 289 days remaining in the limitations period.

Rodriguez Fuentes's first PCRA petition was not resolved until September 27, 2017, *Fuentes*, 2018 WL 4844261 at *1–2, meaning that the limitations period for his federal habeas corpus petition was statutorily tolled until October 27, 2017, which was the deadline for Rodriguez Fuentes to seek further review with the Pennsylvania Supreme Court. *See* Pa. R. App. P. 903. Accordingly, the limitations period began to run again on October 27, 2017.

The limitations period was not subject to any further statutory tolling after beginning to run on October 27, 2017. Although Rodriguez Fuentes subsequently filed a third PCRA petition on November 6, 2017, *see* 2018 WL 4844261 at *2, that petition was dismissed as untimely. *Id.* at *4. An untimely PCRA petition is not "properly filed" and accordingly does not toll the one-year limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Rodriguez Fuentes's third PCRA petition therefore did not toll the limitations period.

Accordingly, because 77 days had already elapsed on the limitations period when it began to run again on October 27, 2017, and the limitations period was not subject to any further statutory tolling, Rodriguez Fuentes was required to file his federal habeas corpus petition no later than August 13, 2018. His petition was therefore untimely because it was not filed until September 3, 2019, more than a year after the limitations period had expired.

Rodriguez Fuentes is not entitled to tolling of the limitations period under the equitable tolling doctrine, which allows a court to toll the one-year limitations period when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in [the] way and prevented timely filing" of the habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). The doctrine of equitable tolling is appropriately applied when "principles of equity would make the rigid application of a limitation period unfair." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). Courts, however, should be sparing in their use of the doctrine. *Id.* (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). The petitioner bears the burden of showing that he is entitled to benefit from equitable tolling. *Pace*, 544 U.S. at 418. Here, Rodriguez Fuentes makes no argument as to why he is entitled to equitable tolling and

accordingly fails to establish any extraordinary circumstances that would warrant equitable tolling of the limitations period.

The statute of limitations for § 2254 petitions may also be excused if a petitioner makes "an adequate showing of actual innocence." *Satterfield v. Dist. Att'y of Phila.*, 872 F.3d 152, 163 (3d Cir. 2017). This is a "burdensome" standard that requires the petitioner to show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). Rodriguez Fuentes makes no actual innocence argument here and is accordingly not entitled to relief under the actual innocence exception. Therefore, because Rodriguez Fuentes's petition is untimely and is not subject to equitable tolling or the actual innocence exception, the court will dismiss the petition as untimely.

### B. Rodriguez Fuentes's Motion to Compel Discovery Is Deemed Withdrawn

Because Rodriguez Fuentes has not filed a brief in support of his motion to compel discovery as required by Local Rule 7.5, the motion is deemed withdrawn and will accordingly be denied. *See* M.D. Pa. L.R. 7.5.

### C. No Certificate of Appealability Will Issue

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order

7

in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  Rodriguez Fuentes fails to demonstrate that a COA should issue, and the court accordingly will not issue a COA.  The denial of a COA does not prevent Rodriguez Fuentes from appealing the order denying his petition so long as he seeks, and obtains, a COA from the Third Circuit Court of Appeals.  *See* Fed. R. App. P. 22(b)(1).

## CONCLUSION

For the foregoing reasons, Rodriguez Fuentes's petition for writ of habeas corpus is dismissed as untimely, and his motion to compel discovery is denied.  No certificate of appealability will be issued.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: December 16, 2020