IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDIL OMAR RODRIGUEZ FUENTES, | : Civil No. 3:19-CV-01516 |
| Petitioner, | : |
| v. | : |
| DISTRICT ATTORNEY FOR NOTHUMBERLAND COUNTY, *et al.*, | : Judge Jennifer P. Wilson |
| Respondents. | |

# MEMORANDUM

Before the court is Petition's Rule 60(b)(6) motion requesting relief from the court's previous order dismissing his petition under 28. U.S.C. § 2254 as untimely. (Doc. 28.) For the reasons discussed below, the court will deny Petitioner's motion.

## BACKGROUND AND PROCEDURAL HISTORY

The Pennsylvania Superior Court has ably explained much of the procedural history of this case in a prior opinion. *See Commonwealth v. Fuentes*, No. 174 MDA 2018, 2018 WL 4844261 (Pa. Super. Ct. Oct. 5, 2018). On March 17, 2006, Petitioner Rodriguez Fuentes pleaded guilty to one count of criminal homicide, one count of trespass, and two counts of aggravated assault for the killing of his next-door neighbor. *Id*. He was subsequently found guilty of first-degree murder on April 17, 2006, and was sentenced to life in prison without the possibility of parole on June 26, 2006. *Id*. Petitioner appealed to the Pennsylvania Superior Court,

1

which affirmed on October 10, 2007. *Commonwealth v. Fuentes*, 943 A.2d 312 (table) (Pa. Super. Ct. 2007). He did not seek further review in the Pennsylvania Supreme Court. *Fuentes*, 2018 WL 4844261 at *1.

On January 25, 2008, Petitioner filed a petition for post-conviction relief in the state trial court under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Id*. Eight years later, while his first PCRA petition was still pending, he filed a second PCRA petition on July 1, 2016. *Id.* The trial court denied the PCRA petitions on October 4, 2016, and the Superior Court affirmed on September 27, 2017. *Id*. at *1–2; *Commonwealth v. Fuentes*, 178 A.3d 202 (table) (Pa. Super. Ct. 2017).

Petitioner filed a third PCRA petition on November 6, 2017. *Fuentes*, 2018 WL 4844261 at *2. The trial court denied the third PCRA petition, and Petitioner appealed to the Superior Court. *Id*. The Superior Court held that Petitioner's third PCRA petition was untimely and accordingly affirmed on October 5, 2018. *Id.* at *4.

Petitioner filed the instant habeas corpus petition on September 3, 2019. (Doc. 1.) On September 26, 2019, he filed an amended petition. (Doc. 6.) United States District Judge A. Richard Caputo ordered the petition to be served on Respondents on December 9, 2019, and ordered Respondents to show cause as to why habeas corpus relief should not be granted. (Doc. 10.) Respondents moved to

dismiss the petition as untimely on May 18, 2020.  (Docs. 19–20.)  Petitioner responded with a brief in opposition on June 22, 2020.  (Doc. 21.)  On December 16, 2020, this court entered a memorandum and order dismissing the petition as untimely.  (Docs. 26, 27.)

On December 21, 2021, Petitioner filed motion for reconsideration of the order dismissing the petition pursuant to Fed. R. Civ. P. 60(b)(6).  (Doc. 28.)  Respondents have filed a brief in opposition, Doc. 34, and Petitioner has replied, Doc. 36.  Therefore, the motion is ripe for the court's disposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for numerous reasons.  Subsections (1) through (5) provide specific grounds for relief.  Rule 60(b)(6) has been described as the "catch-all provision" of Rule 60(b) that permits a court to relieve a party from final judgment for "any other reason that justifies relief."

The Third Circuit has consistently admonished that "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)).  Relief under Rule 60(b)(6) should be

granted only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "This is a difficult standard to meet." *Satterfield v. District Attorney Phila.*, 872 F.3d 152, 158 (3d Cir. 2017).

In addressing claims invoking Rule 60(b)(6), the Third Circuit employs a flexible case-by-case analysis that "takes into account all the particulars of a movant's case" before determining whether Rule 60(b)(6) relief should be granted. *Cox*, 757 F.3d at 122. The movant bears the burden of establishing entitlement to this extraordinary relief. *Id.*

## DISCUSSION

Petitioner's motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6) requests the court to reconsider its prior finding that his petition under 28 U.S.C. § 2254 was untimely. (Doc. 28.) He argues that his alleged inability to communicate effectively in English and his lack of access to legal materials constitute extraordinary circumstances that trigger the equitable tolling of the one-year limitations period for filing a federal habeas petition. (*Id.*)

## A. Fed. R. Civ. P. 60 in Federal Habeas Proceedings

Frist, the court must determine if Petitioner's motion under Rule 60(b)(6) can proceed or if it must be addressed as a successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

A motion for relief from final judgment under Fed. R. Civ. P. 60(b) may be considered in federal habeas proceedings so long as it is not inconsistent with applicable federal statutes and rules. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (citations omitted). In *Gonzalez*, the Supreme Court determined that Rule 60(b) motions are not expressly proscribed by the AEDPA. *Id*. Rather, courts must determine whether a Rule 60(b) motion, in substance, raises a new habeas claim or attacks a previous federal court resolution of a claim on the merits, or whether it asserts "some defect in the integrity of the federal habeas proceedings." *Id*. at 532. If the Rule 60(b) motion falls into the former category, it must be construed as a second or successive habeas application and treated accordingly. *Id*. at 531. If the latter, it can be entertained by the district court without offending the AEDPA's gatekeeping requirements. *Id*. at 532-33.

The *Gonzalez* Court provided guidance for differentiating between disguised second or successive habeas applications that advance a "claim" and true Rule 60(b) motions that raise a defect in the integrity of the habeas proceedings:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add

5

> a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id*. at 532 (footnote omitted). The Court also offered several examples of when a movant is not advancing a habeas claim, such as "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 nn. 4–5. As the Third Circuit has explained, when a "Rule 60(b) motion attacks the *manner* in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the . . . underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (*emphasis added*).

Petitioner's Rule 60(b) motion seeks to attack the court's determination that the § 2254 petition was untimely and does not raise any new grounds for relief. (Doc. 28.) Therefore, the court can address the Petitioner's motion as a Rule 60(b) motion, and not as a successive habeas petition.

### B. Extraordinary Circumstances

Petitioner requests that court reconsider the timeliness of his § 2254 motion based on the catchall provision of Rule 60(b)(6).  (Doc. 28.)  As addressed above, relief under Rule 60(b)(6) should be granted only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 115.

Petitioner argues that his alleged inability to communicate effectively in English and a lack of access to legal materials in Spanish constitute extraordinary circumstances that justify relief from the court's order dismissing his petition as untimely.  (Doc. 28.)  Petitioner cites *Pabon v. Mahanoy*, 654 F.3d 385, as support for the proposition that an inability to communicate in English and a lack of law library materials meet the standard for extraordinary circumstances to equitably toll the one-year limitation on federal habeas relief.  (Doc. 28.)  However, the extraordinary circumstances standard set forth in *Pabon* refers to a set of circumstances that trigger equitable tolling of the habeas statute of limitations, and not a set of circumstances that justify relief from a judgment under Rule 60(b)(6). Before the court can address whether Petitioner has met the standard of extraordinary circumstances triggering equitable tolling, he must first meet the standard for extraordinary circumstances to justify the relief from a judgment under Fed. R. Civ. P. 60(b)(6).

7

Here, Petitioner's alleged inability to communicate effectively in English was present throughout the entire timeline of the original criminal case and subsequent appeals and PCRA proceedings.  (Doc. 28, p. 8–14) (Petitioner's summary of litigation and how his alleged inability to communicate in English affected such litigation.)  Despite this, Petitioner never raised his inability to effectively communicate in English in his brief in opposition to Respondents' motion to dismiss the petition in this case.  (Doc. 21.)  Petitioner was given an opportunity to present this evidence to the court over a year ago at the time of Respondents' motion to dismiss.  Therefore, the court is not persuaded by Petitioner's reliance on *Pabon*.  Here, Petitioner is essentially asking for a re-do of the court's prior order because he failed to present evidence at the appropriate time.  This does not rise to the level of extraordinary circumstances as set forth in *Cox*.

## CONCLUSION

Because Petitioner has failed to meet the extraordinary circumstances standard as defined in *Cox*, the court will deny his motion.  (Doc. 28.)  An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 11, 2022